UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AMY L. FERNANDEZ a/k/a Amy L. Cook,

        Plaintiff,

vs.                                  Case No.  2:05-cv-286-FtM-29SPC

COPPERLEAF GOLF CLUB COMMUNITY ASSOCIATION, INC.,

        Defendant.
_____

**OPINION AND ORDER**

     This matter comes before the Court on defendant's Motion to Dismiss Count II of Plaintiff's Complaint With Prejudice (Doc. #11), filed on August 19, 2005.  Plaintiff filed a Memorandum of Law in Opposition (Doc. #16) on September 2, 2005.

**I.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003).  A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001)(en banc).   To satisfy the pleading

requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Securities, Inc., 358 F.3d 840, 845 (11th Cir. 2004). Dismissal is warranted however if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992). The Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint. Marsh, 268 F.3d at 1036 n. 16.

**II.**

Plaintiff filed a Complaint (Doc. #1) on June 17, 2005, alleging pregnancy discrimination in violation of Title VII of the Civil Rights Act of 1964 (Count I) and in violation of the Florida Civil Rights Act of 1992 (Count II). Defendant filed an Answer and Defenses/Affirmative Defenses (Doc. #10) to Count I and a Motion to Dismiss (Doc. #11) regarding Count II. Defendant argues that pregnancy discrimination is not recognized by the Florida Civil Rights Act, and that Count II must therefore be dismissed. Plaintiff agrees with the authority presented by defendant, but argues that the Florida Civil Rights Act provides greater remedies

(e.g., no cap on emotional damages) and that Count II should therefore be allowed to proceed.

In General Electric v. Gilbert, 429 U.S. 125, 136 (1975) the Supreme Court found that pregnancy discrimination was not a component of sex discrimination within the definitions in Title VII. Congress amended Title VII in 1978 by enacting the Pregnancy Discrimination Act, which barred discrimination based upon pregnancy using "the same type of analysis used in other Title VII sex discrimination suits." Armindo v. Padlocker, Inc., 209 F.3d 1319, 1320 (11th Cir. 2000)(citing Armstrong v. Flowers Hosp., Inc., 33 F.3d 1308, 1312-13 (11th Cir. 1994)). While the Florida Civil Rights Act was patterned after Title VII, Harper v. Blockbuster Entm't Corp., 139 F.3d 1385 (11th Cir. 1998)(collecting cases), cert. denied, 525 U.S. 1000 (1998), the Florida legislature has never amended that statute to include pregnancy discrimination. Thus, protection against discrimination based upon pregnancy is not within the scope of the Florida Civil Rights Act.[1] O'Loughlin v. Pinchback, 579 So. 2d 788, 792 (Fla. 1st DCA 1991). While plaintiff may be correct that the Florida Civil Rights Act allows a more extensive remedy than under the federal statute, the fact

---

[1] "It is an unlawful employment practice for an employer: (a) To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status." Fla. Stat. § 760.10(1).

remains that pregnancy discrimination is not prohibited by the Florida Civil Rights Act and therefore the state statute provides no remedy for pregnancy discrimination.

Accordingly, it is now

**ORDERED**:

Defendant's Motion to Dismiss Count II of Plaintiff's Complaint With Prejudice (Doc. #11) is **GRANTED,** and Count II is dismissed with prejudice.

**DONE AND ORDERED** at Fort Myers, Florida, this __19th__ day of September, 2005.

/s/ John E. Steele
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record